# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS,<br><br>            Plaintiff,<br><br>    v.<br><br>A. PIMENTEL, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:11-cv-00119 GSA PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, AS FRIVOLOUS<br><br>(Doc. 1)<br><br>ORDER THAT DISMISSAL COUNTS AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

Plaintiff Raymond George Glass, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 14, 2011. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

Plaintiff alleges that prison officials at Kern Valley State Prison used his copyrighted name (Raymond George Glass) in a disciplinary report and during disciplinary proceedings without his permission, resulting in a loss to Plaintiff.[1] Plaintiff seeks damages and an injunction prohibiting prison officials from using his copyrighted name.

The Court is required to screen Plaintiff's complaint and dismiss the action, or any part of the action, if it finds the complaint is frivolous, malicious, or fails to state a claim for relief. 28 U.S.C. §§ 1915(e)(2), 1915A. A complaint, or a claim therein, is frivolous if it lacks an arguable basis in fact or in law. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989); Franklin v.

---

[1] Given Plaintiff's claim and his exhibits, it appears Plaintiff considers himself a sovereign man. See e.g., U.S. v. Weldon, No. 1:08-cv-01643-LJO-SMS, 2010 WL1797529, at *2-3 (E.D. Cal. May 4, 2010) (describing "redemption theory").

1

1 Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

2     Section 1983 claims must be premised on the violation of the Constitution or other federal rights. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009). Here, Plaintiff's claim is premised on his position that his name is copyrighted, and he is entitled to seek damages from prison officials for using his name in prison documents and during prison disciplinary proceedings without obtaining his permission. These allegations are frivolous and they do not support a claim for relief under section 1983.

    Accordingly, this action is HEREBY DISMISSED, with prejudice, as frivolous. This dismissal SHALL count as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:  March 22, 2011**         /s/ **Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE